UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MANHATTAN LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BARBARA PACIELLO and ESTATE OF ELFRIEDE M. TOTH,<br><br>　　　　Defendants. | Civil Action No.<br><br>22-cv-01949 (SDW) (JRA)<br><br>**OPINION** |

**I.　　INTRODUCTION**

Plaintiff Manhattan Life Insurance Company ("Plaintiff") brings this interpleader action against Defendants Barbara Paciello and the Estate of Elfriede M. Toth, both of whom claim to be beneficiaries of annuity policy proceeds in the amount of $50,000, plus accrued interest. ECF No. 1. On June 23, 2022, Plaintiff filed a Motion for Interpleader Deposit that seeks an order: (1) permitting it to interplead and deposit the annuity proceeds with the Clerk of the Court; (2) dismissing it from this action with prejudice following the deposit of the annuity proceeds; (3) permanently enjoining the parties to this action from commencing any other actions or proceedings seeking payment of the annuity proceeds; and (4) awarding it legal fees and costs. ECF No. 16. The Court has considered the motion on the papers and without oral argument. *See* Fed. R. Civ. P. 78(b); L.Civ.R. 78.1(b). For the reasons discussed below, Plaintiff's motion is **GRANTED**, but its request for attorney's fees is granted only in part.

## II.     BACKGROUND

On April 27, 2021, Plaintiff issued an annuity policy[1] (the "Policy") to Elfriede M. Toth in the principal sum of $50,000, payable upon Mrs. Toth's death.  Compl. ¶¶ 6, 8.  Mrs. Toth passed away on September 16, 2021.  *Id.* ¶ 7.  According to the Complaint, the Policy named Defendant Paciello as the sole beneficiary.  *Id.* ¶ 10.  No contingent beneficiary was named.  Both Defendant Paciello and the Estate of Elfriede M. Toth (the "Estate") claim that they are entitled to the annuity policy's proceeds (the "Annuity Proceeds").  *Id.* ¶ 9-10; Compl. Ex C, ECF No. 1–3; Compl. Ex. D, ECF No. 1–4.

On April 5, 2022, Plaintiff initiated this interpleader action, pursuant to 28 U.S.C. § 1335 and Rule 67 of the Federal Rules of Civil Procedure.  ECF No. 1. Plaintiff does not deny liability.  Quite the opposite, it avers that it is "ready, willing and able to pay the [Annuity Proceeds], and takes no position as to which of the[] two claimants has the superior interest in such proceeds."  Compl. ¶ 12.  Plaintiff does, however, seek to mitigate its risk of multiple liability.  ECF No. 16–1 at 2.

On June 23, 2022, Plaintiff filed the instant Motion for Interpleader Deposit. ECF No. 16.  The Estate opposes the motion only as to Plaintiff's request for an award of attorney's fees.  ECF No. 18.  Defendant Paciello has not filed any opposition to the motion.

---

[1] The Complaint identifies the policy as annuity policy No. ML00107165.  Compl. ¶ 6, ECF No. 1.

2

### III. ANALYSIS

**A. Whether Plaintiff Satisfied the Requirements of the Interpleader Statute.**

Interpleader is an equitable remedy. It permits "a person [or entity] holding property to join in a single suit two or more persons asserting claims to that property." *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007) (citation omitted). Plaintiffs who fear the prospect of multiple liability can be permitted to deposit the funds with the court and withdraw from the action, leaving the defendants to litigate among themselves who should be entitled to the property. *Id.*

Typically, a district court in a statutory interpleader action: (1) "determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability"; and (2) "actually adjudicates the defendant's adverse claims to the interpleaded fund[s]." *U.S. Life Ins. Co. in the City of New York v. Holtzman*, No. 14-cv-00113, 2014 WL 5149707, at *4 (D.N.J. Oct. 14, 2014). Here, Plaintiff only seeks an order stating that the interpleader statute's requirements have been met and that it may be relieved from liability, leaving for another day which defendant is entitled to the Annuity Proceeds—Defendant Paciello or the Estate. ECF No. 16–1 at 1, 6.

Before addressing the merits of Plaintiff's motion, this Court first must ensure that it has subject matter jurisdiction. Plaintiff brings this action pursuant to 28 U.S.C. § 1335. Compl. ¶ 4; ECF No. 16–1 at 1. Section 1335 confers original jurisdiction upon federal courts where "(a) two or more claimants are diverse from each other and (b) at least $500 is in controversy and has been deposited with the

registry or clerk of the court." *Prudential Ins. Co. of Am. v. Evans*, No. 20-cv-3036, 2022 WL 613847, at *2 (D.N.J. Mar. 2, 2022); *see also* 28 U.S.C. § 1335(a)(1). The Complaint alleges that Defendant Paciello is a resident of New Jersey, and that Mrs. Toth was a resident of New York at the time of her death.[2] Compl. ¶¶ 2-3. Likewise, both Defendants claim entitlement to the $50,000 Annuity Proceeds. Compl. ¶¶ 9-10. Accordingly, because Defendants are "adverse claimants, of diverse citizenship," and the Annuity Proceeds exceed $500, Section 1335(a)(1) is satisfied. But that is only part of the analysis.

The Third Circuit and courts in this District have made it clear that for this Court to have subject matter jurisdiction, the plaintiff also must make a proper deposit or issue a bond, as required by 28 U.S.C. § 1335(a)(2). *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 210 (3d Cir. 1999); *Prudential Ins. Co. of Am. v. Ianetti*, No. 19-cv-21849, 2021 WL 71593, at *3 (D.N.J. Jan. 7, 2021). No deposit has been made or bond has been issued here. Notwithstanding, this Court has discretion to cure this jurisdictional defect and allow Plaintiff "to perfect jurisdiction by depositing the funds at issue with the Court's Registry." *Ianetti*, 2021 WL 71593, at *3 (collecting cases); *see also Asbestospray, Inc.*, 182 F.3d at 210 n.4 (noting that a stakeholder in an interpleader action should be permitted to cure its own defect by making the appropriate deposit with the registry of the Court). This Court will

---

[2] The Court notes that 28 U.S.C. § 1332(c)(2) provides that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." Because Mrs. Toth was a citizen of New York at the time of her death, the Estate of Mrs. Toth is a citizen of New York for purposes of determining diversity. *See Estate of Bayliss v. Wells Fargo Bank N.A.*, No. 08-cv-2966, 2008 WL 4792446, at *3 (E.D. Pa. Oct. 30, 2008) (noting that, for purposes of establishing the plaintiff-estate's citizenship, the court must look to the decedent's citizenship at the time of his death); *Schwartz v. Kuo*, No. 13-cv-5227, 2013 WL 12153497, at *1 (D.N.J. Nov. 19, 2013) (same).

exercise subject matter jurisdiction over the action and allow Plaintiff to cure the procedural defect by depositing the disputed funds with the Clerk of the Court.

None of the other requirements of the interpleader statute are at issue here. Accordingly, Plaintiff may be relieved of liability stemming from payment of the Annuity Proceeds, so long as Plaintiff deposits the disputed funds with the Clerk of the Court within twenty-one (21) days of the filing of this Opinion.

### B. Whether Plaintiff is Entitled to Attorney's Fees.

Plaintiff seeks compensation for $9,971 in attorney's fees plus $1,724.24 in costs expended to bring this interpleader suit. ECF No. 16–1 at 5; ECF No. 16–2 at 3. In this District, courts have discretion to award attorney's fees and costs to an interpleader plaintiff who (1) is a "disinterested stakeholder," (2) "conceded liability," (3) deposited the funds at issue, and (4) "sought a discharge from liability." *Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003). There is no dispute that Plaintiff has satisfied (or will satisfy) those elements. The only opposition comes from the Estate, which argues that the amount that Plaintiff seeks is excessive and would reward Plaintiff for redundant and excessive work performed. ECF No. 18 at 3-4.

Awarding attorney's fees and costs is "equitable in nature" and subject to the court's discretion. *Schlafly v. Lincoln Nat'l Life Ins. Co.*, No. 17-cv-02522, 2018 WL 2977232, at *3 (D.N.J. May 21, 2018). Courts should not award fees for work that was "excessive, redundant, or otherwise unnecessary." *Prudential Ins. Co. of Am. v. Fantaye*, No. 08-cv-3172, 2009 WL 482699, at *2 (D.N.J. Feb. 19, 2009) (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). "Typically, fee awards for

5

disinterested stakeholders in interpleader actions should only be sufficient to reimburse 'the minimal work necessary to institute a suit in interpleader.'" *U.S. Life Ins. Co. in the City of N.Y. v. Holtzman*, No. 14-cv-00113, 2015 WL 7458591, at *4 (D.N.J. Nov. 24, 2015) (quoting *John Hancock Mut. Ins. Co. v. Doran*, 138 F. Supp. 47, 50 n.2 (S.D.N.Y. 1956)). That is, the fee award should not "seriously deplete the fund" because bringing an interpleader suit requires minimal work. *Holtzman*, 2014 WL 5149707, at *7. Courts in this District typically find that fees and costs equating to roughly ten percent of the disputed funds do not severely deplete the fund. *See Metro. Life. Ins. Co. v. Teixeira*, No. 16-cv-07486, 2017 WL 3951597, at *5 (D.N.J. Sept. 8, 2017) (finding fees equating to approximately eleven percent of the disputed funds reasonable); *Holtzman*, 2015 WL 7458591, at *3-4 (finding that requested fees equating to seventeen percent would significantly deplete the fund while fees of ten percent would not); *Fantaye*, 2009 WL 482699, at *3 (finding attorney's fees equal to roughly nine percent of a $51,000 policy reasonable).

This Court will not opine on whether Plaintiff's requested fees and costs are excessive, unreasonable, or redundant, as the Estate argues. Instead, the Court's overarching concern is whether Plaintiff's requested fees and costs would seriously deplete the fund. Although Plaintiff correctly argues that the *Teixeira* and *Fantaye* courts granted fee awards based on billable hours similar to what Plaintiff's counsel submitted, both cases resulted in awards equal to less than twelve percent of the total disputed fund. 2017 WL 3951597, at *5; 2009 WL 482699, at *3. Here, even before court costs are included in the calculation, the $9,971 Plaintiff requests in attorney's

fees amounts to roughly twenty percent of the fund. This Court will not order an award that would present such a serious depletion to the Annuity Proceeds.

Ultimately, a court has discretion to award no attorney's fees or, alternatively, award only a portion of the total amount of fees requested. *See William Penn Life Ins. Co. of New York v. Fox*, No. 20-cv-14843, 2021 WL 5879099, at *2 (D.N.J. Nov. 23, 2021) (awarding Plaintiff only sixty percent of its requested fees). This Court, exercising its discretion, will award Plaintiff $5,000 inclusive of attorney's fees and costs. This award, which amounts to about ten percent of the disputed funds, is sufficient to reimburse Plaintiff for "the minimal work necessary to institute a suit in interpleader," is in greater accord with case law in this District, and will not unreasonably deplete the Annuity Proceeds. *Holtzman*, 2014 WL 5149707, at *4.[3]

## IV. CONCLUSION

For the reasons set forth above, this Court **GRANTS** Plaintiff's Motion for Interpleader Deposit, conditioned upon Plaintiff depositing the disputed funds into the registry of the Court within 21 days of entry of this Opinion and Order. Upon deposit, Plaintiff is released from any liability as to the interpleaded funds. Defendant Paciello and the Estate of Elfriede M. Toth are restrained from instituting

---

[3] In its opposition, the Estate argues that the Court should assess any award of attorney's fees and costs against Defendant Paciello. ECF No. 18 at 4-5. Although some courts have held that the costs and fees awarded to a disinterested stakeholder in bringing an interpleader action may be taxed against the losing claimant, this Court believes that such a determination is premature at this stage. *See Prudential Ins. Co. of Am. v. Estate of Desimone*, No. 11-cv-5063, 2012 WL 5269238, at *4 (E.D. Pa. Oct. 25, 2012) ("Attorney' [sic] fees and costs are 'generally awarded against the interpleader fund, but may, in the discretion of the court, be taxed against one of the parties when their conduct justifies it.'") (quoting *Septembertide Publ'g, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989)). Accordingly, the Estate's request is more appropriately raised when a determination is made as to the Defendants' entitled to the Annuity Proceeds.

any other action against Plaintiff seeking payment of the Annuity Proceeds and shall litigate or settle among each other their claims to the Annuity Proceeds in this Court. Plaintiff's request for attorney's fees and costs is granted in part and a total of $5,000 is awarded, which is to be deducted from the Annuity Proceeds before they are deposited with the Court.  An appropriate Order accompanies this Opinion.

_____
HON. JOSÉ R. ALMONTE
UNITED STATES MAGISTRATE JUDGE

Dated: November 2, 2022